**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00228-CR**
_____

**GREGORY DERUTTE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the County Court at Law No. 3**
**Jefferson County, Texas**
**Trial Cause No. 287595**

_____

**ORDER**

The clerk's record in the above styled and numbered cause was filed June 24, 2014. The reporter's record was due on October 6, 2014, but has not been filed. The court reporter notified our Court on July 9, 2014, and October 7, 2014, that no payment arrangements had been made for preparation of the reporter's record. A notice was sent to the pro se appellant that the case was being submitted on the clerk's record alone and the brief was due to be filed on

1

November 7, 2014. The Court granted a second motion for extension of time to file appellant's brief which was due to be filed on or before February 6, 2015, with the notation FINAL EXTENSION. On February 13, 2015, the appellant was notified that the brief and a motion for extension of time to file the brief have not been filed. Although a response from appellant to our late notice was due by February 23, 2015, the brief has not been filed.

We abate the appeal and remand the case to the trial court to conduct a hearing attended by a representative of the State and the appellant. *See* Tex. R. App. P. 38.8(b)(2). If the appellant is not incarcerated, but fails to appear at the hearing after having been notified to do so, or after reasonable attempts to notify him have been made, then the trial court may enter a finding that appellant no longer desires to pursue the appeal and send said finding to this Court. *See* Tex. R. App. P. 38.8(b)(4). If the appellant is present for the hearing, we direct the trial court to determine whether or not appellant desires to pursue his appeal. If appellant desires to pursue his appeal, we direct the trial court to determine why the brief of the appellant has not been filed, whether appellant has retained counsel who has abandoned the appeal, and whether good cause exists to appoint counsel because the appellant is indigent and unrepresented by counsel. *See* Tex.

Code Crim. Proc. Ann. art. 1.051(d)(1) (West Supp. 2014). If the trial court determines that appellant wants to pursue the appeal, the trial court shall determine whether appellant is entitled to a free reporter's record because he is unable to pay or give security for the appellate record. *See* Tex. R. App. P. 20.2.

The record of the hearing, including any orders and findings of the trial court judge, shall be sent to the appellate court for filing. The court reporter's record of the hearing and the clerk's record containing the recommendations of the trial court judge are to be filed on or before March 27, 2015.

ORDER ENTERED February 26, 2015.

PER CURIAM

Before McKeithen, C.J., Kreger, and Johnson, JJ.